UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRENT WINTERS, KEN TYLMAN and
DEBRA HILLS,

          Plaintiffs,

    v.

LAW FIRM OF RICHARD H. PARSONS,
Federal Public Defenders, RICHARD H.
PARSONS, ESQ., JOHN TAYLOR, ESQ. and
OTHERS UNKNOWN,

          Defendants.

Case No. 07-cv-588-JPG

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the defendants' motion to dismiss (Doc. 4) to which

the plaintiffs have responded (Doc. 9).  The plaintiffs have also filed motions to strike the motion to

dismiss (Docs. 7 & 8), to which the defendants have responded (Doc. 12).  The defendants have also

filed a motion for the Court to take judicial notice (Doc. 10), to which the plaintiffs have responded

(Doc. 13), to which, in turn, the plaintiffs have replied (Doc. 14).

**I.**     **Background**

This matter arose after the United States District Court for the Central District of Illinois

appointed public defender John Taylor ("Taylor") to represent plaintiff Ken Tylman ("Tylman") in a

criminal prosecution in that district.  Plaintiffs Brent Winters, Esq. ("Winters") and Debra Hills

("Hills") were, and continue to be, co-defendants in the criminal case.  Apparently problems arose

between Taylor and Tylman, which resulted in Taylor's telling the three criminal defendants loudly

in a hallway in the courthouse essentially that all three defendants were guilty, were going to be

convicted and were liars.  He spoke loudly enough for others in the hallway to hear his statements.

Based on these statements, Tylman and Hills then filed a lawsuit for slander in the Circuit Court in

Cumberland County, and Winters filed a lawsuit for slander in the Circuit Court in Clark County. The defendants removed this case to federal court.[1]

## II.      Motions to Strike (Docs. 7 & 8)

The plaintiffs ask the Court to strike the defendants' motion to dismiss on the grounds that it contains a false statement regarding Hills' representation by a public defender.  It further notes that Taylor made his offending statements after being told by Tylman that he was "fired" as his criminal defense attorney.

The plaintiffs have not pointed to any statement in the defendants' filings about Hills' representation by a public defender, and the Court has been unable to locate such a statement on its own.  The Court further notes that whether Tylman purported to "fire" Taylor before Taylor made the statements in question is irrelevant.  A criminal defense attorney appointed by the court continues to represent his client until relieved of that duty by the court;  a defendant cannot fire his court-appointed attorney until the court allows it.  Thus, the timing of Taylor's statements is irrelevant.  So long as the Court had not relieved him of his duty to represent Tylman, he continued to be Tylman's counsel regardless of what Tylman said.

For these reasons, the Court will deny the motions to strike (Doc. 7 & 8).

## II.      Motion to Dismiss (Doc. 4) and Motion to Take Judicial Notice (Doc. 10)

The defendants ask the Court to dismiss this case on the basis of sovereign immunity since the defendant Office of the Federal Public Defender for the Central District of Illinois, misnamed in the complaints as the Law Office of Richard H. Parsons, is a federal agency, and since defendant

---

[1]The Court has its doubts about the propriety of removing two state court lawsuits in a single federal action.  Nevertheless, any error was harmless because the Court would have consolidated two separately removed lawsuits anyway.

Richard H. Parsons ("Parsons") is the head of that agency and Taylor is an employee of that agency. The plaintiffs challenge the sufficiency of the proof that the defendants are federal agencies, agents or employees and argue that Taylor's actions occurred outside the scope of his duties as a federal public defender.

The Court first looks at the support for the federal status of the defendants. The Court takes judicial notice of the official, public court documents reflecting the creation of the Office of the Federal Public Defender for the Central District of Illinois as a federal agency pursuant to federal statutory authority as well as the official, public court documents appointing Parsons to head that federal agency. The existence of these documents and the events they reflect are not subject to reasonable dispute. It is generally known that the Office of the Federal Public Defender for the Central District of Illinois is a federal agency headed by Parsons. Furthermore, these facts can be accurately and readily determined by resort to sources that cannot reasonably be questioned. Therefore, the Court takes judicial notice that the Office of the Federal Public Defender for the Central District of Illinois is a federal agency and that Parsons is its head and, accordingly, accepts those facts as true. *See* Fed. R. Evid. 201(b).

As for Taylor, the plaintiffs have alleged in their complaints that Taylor is a public defender representing Tylman in his federal criminal case in the Central District of Illinois. The only rational inference from these allegations, which the Court takes as true, is that Taylor works for the Office of the Federal Public Defender for the Central District of Illinois and is therefore a federal employee. This fact is therefore sufficiently established.

The Court next looks to the issue of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Federal

officers sued in their official capacities are entitled to the same immunity because a suit against a federal officer in his official capacity is tantamount to a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see, e.g., Maus v. Curran*, 945 F. Supp. 1217 (E.D. Wis. 1996). Thus, if the defendants have not waived their sovereign immunity and consented to be sued, the Court does not have jurisdiction to hear claims against them. *Meyer*, 510 U.S. at 475; *Mitchell*, 463 U.S. at 212.

The plaintiffs have pointed to no source that could be construed as a waiver of the United States' sovereign immunity in this case, and it is not up to the Court to find a waiver for them. Courts are not "in the business of formulating arguments for the parties." *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir 1999).[2] Thus, the plaintiffs' claims against the Office of the Federal Public Defender for the Central District of Illinois, misnamed as the Law Firm of Richard H. Parsons, as well as the claims against Federal Public Defender Parsons and Assistant Federal Public Defender Taylor are barred by the doctrine of sovereign immunity.

To the extent that the plaintiffs argue Taylor was acting outside the scope of his authority as a federal employee when he made the statements at issue, that argument has no merit. They have not alleged any unconstitutional conduct that would render Taylor's acts outside his authority as a federal employee and therefore subject to a suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Indeed, the content and circumstances of the statements as alleged in the complaints clearly show that Taylor made the statements in the scope of his federal authority. He was representing Tylman when he made the statement in spite of Tylman's attempt to "fire" him moments earlier; the Court had not relieved him of that responsibility. The conversation

---

[2]The Federal Tort Claims Act does not waive the United States' immunity from suits for libel or slander. 28 U.S.C. § 2680(h).

4

with his client and his two co-defendants was about the merits of the case and Taylor's assessment of

the defendants' chances of prevailing and their credibility as witnesses.  Although, if the allegations

in the complaints are true, Taylor did not conduct himself in the most professional manner possible,

that does not negate the fact that he was discussing the case with his client and potential co-defendant

witnesses, one of the core functions of the federal office of assistant federal public defender.  That

the conversation occurred in the hallway of a federal courthouse further demonstrates that Taylor was

acting within his authority as a federal agency employee when he made the offending statements.

The plaintiffs' citation to *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), does not convince

the Court it must find otherwise.  *Buckley* is distinguishable from this case because it addressed

issues of qualified immunity and prosecutorial immunity from claims under 42 U.S.C. § 1983.  This

case, on the other hand, involves state law claims and sovereign immunity.

For the foregoing reasons, the Court will grant the defendants' motion to take judicial notice

(Doc. 10) and motion to dismiss (Doc. 4).

### III.    Rules of Professional Conduct

The Court notes that plaintiff Winters, who is an attorney, is also representing his co-

plaintiffs Tylman and Hills in this case.  It further appears from the allegations in the complaints that

Winters was likely to be a witness in this case as to a number of disputed factual matters before the

foregoing claims had been dismissed.  This appears to be in violation of Rule 3.7 of the Illinois Rules

of Professional Conduct, which have been adopted by this Court as its standards for professional

conduct.  *See* Local Rule 83.4(d)(2).  Rule 3.7(a) states:

(a) A lawyer shall not accept or continue employment in contemplated or pending
litigation if the lawyer knows or reasonably should know that the lawyer may be
called as a witness on behalf of the client, except that the lawyer may undertake the
employment and may testify:

5

(1) if the testimony will relate to an uncontested matter;

(2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;

(3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or

(4) as to any other matter, if refusal to accept or continue the employment would work a substantial hardship on the client.

In light of the Court's belief that Winters may have violated Rule 3.7(a) in agreeing to represent Tylman and Hills in their Cumberland County case and in continuing to represent Tylman and Hills once that case was removed to federal court, the Court will report this matter to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois for investigation.

**V.      Conclusion**

For the foregoing reasons, the Court:

• **DENIES** the plaintiffs' motions to strike (Docs. 7 & 8);

• **GRANTS** the defendants' motion to take judicial notice (Doc. 10);

• **GRANTS** the defendants' motion to dismiss (Doc. 4);

• **DISMISSES** the plaintiffs' claim in this case against defendants the Office of the Federal Public Defender for the Central District of Illinois, misnamed as the Law Firm of Richard H. Parsons, Richard H. Parsons, Esq., and John Taylor, Esq., for **lack of jurisdiction**;

• **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case; and

• **DIRECTS** the Clerk of Court to mail a copy of this order to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, One North Old Capital Plaza, Springfield, Illinois  62701.

**IT IS SO ORDERED.**
**DATED:  November 16, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

6