UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENT WINTERS, KEN TYLMAN and DEBRA HILLS,<br><br>      Plaintiffs,<br><br>    v.<br><br>LAW FIRM OF RICHARD H. PARSONS, Federal Public Defenders, RICHARD H. PARSONS, ESQ., JOHN TAYLOR, ESQ. and OTHERS UNKNOWN,<br><br>      Defendants. | Case No. 07-cv-588-JPG |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

**I.    Motion to Reconsider (Doc. 16)**

This matter comes before the Court on plaintiff Brent Winters's motion (Doc. 16) to reconsider the Court's November 16, 2007, order (Doc. 15) referring this matter to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois for investigation.

Courts do not favor motions to reconsider. However, courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. Parties should be allowed to bring such errors to the court's attention to give the court the opportunity to correct them. Thus, a motion for reconsideration under is appropriate to correct manifest errors of law or fact.

In this case, the Court has misunderstood the facts. It believed that Winters was a witness to certain events when, in fact, he was not. Therefore, the reference to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois was unwarranted and the Court **GRANTS** the motion to reconsider (Doc. 16) and **VACATES** the portion of its

November 16, 2007, order (Doc. 15) making such reference. This ruling renders Winters's motion for leave to add an additional attachment to his motion (Doc. 17) **MOOT**.

The Court **DIRECTS** the Clerk of Court to mail a copy of this order to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, One North Old Capital Plaza, Springfield, Illinois 62701.

## II.     Service of Remaining Defendants

The Court also addresses a case management issue. There is no evidence in the record that service of process has been effected upon the unknown defendants within 120 days after this case was removed to federal court, as prescribed by Federal Rule of Civil Procedure 4(m). Accordingly, the Court hereby **ORDERS** the plaintiffs to **SHOW CAUSE** on or before January 2, 2008, why this case should not be dismissed without prejudice for failure to timely effect service or with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Failure to respond in a timely manner to this order will result in dismissal of this action for either of the above reasons.

**IT IS SO ORDERED.**
**DATED: December 12, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**