UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRENT WINTERS, KEN TYLMAN and DEBRA HILLS,

    Plaintiffs,

v.

LAW FIRM OF RICHARD H. PARSONS, Federal Public Defenders, RICHARD H. PARSONS, ESQ., JOHN TAYLOR, ESQ. and OTHERS UNKNOWN,

    Defendants.

Case No. 07-cv-588-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Court's December 12, 2007, order to show cause (Doc. 19). In that order, the Court noted that there was no evidence in the record that service of process had been effected upon the unknown defendants within 120 days after this case was removed to federal court, as prescribed by Federal Rule of Civil Procedure 4(m). Accordingly, the Court ordered the plaintiffs to show cause on or before January 2, 2008, why the remaining claims in this case should not be dismissed without prejudice for failure to timely effect service or with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Court warned the plaintiffs that their failure to respond in a timely manner to the order to show cause would result in dismissal of this action for one of the above reasons.

The plaintiffs have responded to the order to show cause by filing a response, a motion to remand, a motion to voluntarily dismiss the claims of plaintiff Ken Tylman and the claims against the unknown defendants and a motion for costs and expenses (Doc. 20).

The plaintiffs' response exhibits a fundamental misunderstanding of the Court's jurisdiction over this case. The Court's original jurisdiction is founded upon the presentation of a federal officer's substantive immunity defense arising under federal law, *see Mesa v.*

*California*, 489 U.S. 121, 136 (1989), and is removable under 28 U.S.C. § 1442(a)(1), which authorizes removal of suits against officers of an agency of the United States or any person acting under such an officer. This is true notwithstanding the "well-pleaded complaint rule," which § 1442(a) overcomes. *Mesa*, 489 U.S. at 136. Claims against other non-federal defendants are removable as well because they are part of the same action. *See Dillon v. Mississippi Military Dep't*, 23 F.3d 915, 918-19 (5th Cir. 1994); 28 U.S.C. § 1442(a) ("*A civil action* . . . against any of the following may be removed. . . ." (emphasis added)). That the federal defendants did not raise the immunity defense until several weeks after they filed the notice of removal is of no import where the plaintiff raised no objection at the time and the defense was eventually raised. The Court has jurisdiction to hear this case and to dismiss the federal defendants on the basis of sovereign immunity.[1] Removal was proper, and the plaintiffs are not entitled to any costs or fees. The Court therefore **DENIES** the plaintiffs' motion to remand and motion for costs and expenses (Doc. 20).

The plaintiffs' response also requests that the Court dismiss all claims against the unknown defendants, including specifically the claims of Ken Tylman. The Court construes this request as a notice of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Rule 41(a)(1)(i) allows dismissal of all claims against a defendant by a plaintiff without a court order at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs. The defendants have not filed an answer or motion for summary judgment in this case. Because the plaintiffs have an absolute right to

---

[1]To the extent the plaintiffs now raise procedural defects in the petition for removal, those arguments are waived because they were not raised within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c).

dismiss their claims against the unknown defendants at the present time, the Court finds that those claims are **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  January 8, 2008**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**